# EXHIBIT "A"

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 53063/2020
RECEIVED NYSCEF: 02/27/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X

VIRGINIA KELLY,

—————————————Plaintiff.—————————

- against -

THE TJX COMPANIES, INC. and HOMEGOODS, INC.,

Defendants.

----------------------------------------------------------------X

Index No.: 53063/2020

Date Purchased: 2/27/2020

Plaintiff(s) designates
WESTCHESTER County
as the place of trial

The basis of venue is
Plaintiff's Residence
(CPLR §503(a))

SUMMONS WITH NOTICE

Plaintiff(s) reside at
18 Laurel Place
Eastchester, NY 10709

To the above named Defendants:

Your are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, NY
February 27, 2020

MICHAEL K. EIDMAN, ESQ.
Attorney for Plaintiff
Office and Post Office Address
3 Columbus Circle, 15th Floor
New York, NY 10019
(212) 489-0500

Defendants' Address:
TJX Companies, Inc.: 770 Cochituate Road, Framingham, MA 01701
HomeGoods, Inc.: c/o CT Corporation System, 28 Liberty, St, NY 10005

Notice: The nature of the action is   personal injuries
The relief sought is   compensatory damages

1

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 53063/2020
RECEIVED NYSCEF: 02/27/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X

VIRGINIA KELLY,

                          *Plaintiff,*

      - against -

THE TJX COMPANIES, INC. and HOMEGOODS,
INC.,

                     *Defendants.*

------------------------------------------------------------------X

Index No. 53063/2020

**VERIFIED COMPLAINT**

      Plaintiff, by her attorney MICHAEL K. EIDMAN, as and for her Verified Complaint, alleges the following:

      *First.*       That at the time of the commencement of this action, plaintiff VIRGINIA KELLY was a resident of the Town of Eastchester, County of Westchester and State of New York.

      *Second.*       That at all times hereinafter mentioned, upon information and belief, defendant THE TJX COMPANIES, INC. (hereinafter 'TJX'), was and still is a domestic corporation organized under and pursuant to the laws of the State of New York.

      *Third.*       That at all times hereinafter mentioned, upon information and belief, defendant TJX was and still is a foreign corporation duly licensed to do business in the State of New York.

      *Fourth.*       That at all times hereinafter mentioned, upon information and belief, defendant TJX was and still is a foreign corporation doing business in the State of New York.

2

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 53063/2020
RECEIVED NYSCEF: 02/27/2020

*Fifth.*      That at all times hereinafter mentioned, upon information and belief, defendant TJX was and still is doing business under an assumed name as HOMEGOODS, INC. (hereinafter "HOMEGOODS".)

*Sixth.*      That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS was and still is a domestic corporation organized under and pursuant to the laws of the State of New York.

*Seventh.*      That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS was and still is a foreign corporation duly licensed to do business in the State of New York.

*Eighth.*      That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS was and still is a foreign corporation doing business in the State of New York.

*Ninth.*      That at all times hereinafter mentioned, upon information and belief, defendant TJX owned a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Tenth.*      That at all times hereinafter mentioned, upon information and belief, defendant TJX operated a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Eleventh.*      That at all times hereinafter mentioned, upon information and belief, defendant TJX controlled a certain parcel of real property, and the building(s) and appurtenances

3

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 53063/2020

RECEIVED NYSCEF: 02/27/2020

thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Twelfth.* That at all times hereinafter mentioned, upon information and belief, defendant TJX managed a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Thirteenth.* That at all times hereinafter mentioned, upon information and belief, defendant TJX maintained a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Fourteenth.* That at all times hereinafter mentioned, upon information and belief, defendant TJX operated and controlled a store known as HOMEGOODS, located at the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Fifteenth.* That at all times hereinafter mentioned, the aforementioned store was open to the general public, including the plaintiff herein, VIRGINIA KELLY.

*Sixteenth.* That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS owned a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Seventeenth.* That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS operated a certain parcel of real property, and the building(s) and

4

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM INDEX NO. 53063/2020
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 02/27/2020

appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Eighteenth.* That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS controlled a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Nineteenth.* That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS managed a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Twentieth.* That at all times hereinafter mentioned, upon information and belief, defendant HOMEGOODS maintained a certain parcel of real property, and the building(s) and appurtenances thereto, known by the street address of 861 Pelham Parkway, in the Town of Pelham, County of Westchester and State of New York.

*Twenty-first.* That all times hereinafter mentioned, it was the duty of the defendant TJX, by its officers, directors and employees, to own, maintain, manage and control the aforementioned store, in a reasonably safe manner and in compliance with general industry standards, free of hazards and impediments which would endanger the safety and welfare of those persons and customers lawfully about the premises.

*Twenty-second.* That upon information and belief, at all times hereinafter mentioned, defendant HOMEGOODS owned, operated, managed, supervised and/or controlled a retail store which sold goods to the general public, located at 861 Pelham Parkway, in the Town

5

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 53063/2020
RECEIVED NYSCEF: 02/27/2020

of Pelham, County of Westchester and State of New York, which was open to the general public, including the plaintiff herein, VIRGINIA KELLY.

*Twenty-third.* That all times hereinafter mentioned, it was the duty of the defendant HOMEGOODS, by its officers, directors and employees, to own, maintain, manage and control the aforementioned store, in a reasonably safe manner and in compliance with general industry standards, free of hazards and impediments which would endanger the safety and welfare of those persons and customers lawfully about the premises.

*Twenty-fourth.* That at all times hereinafter mentioned, in the aforementioned store, towards the rear of the store and within an aisle that was open to shoppers, there was a low and empty display platform, which stood no more than a few inches above the ground.

*Twenty-fifth.* That on or about April 21, 2017, at approximately 3:10 pm, plaintiff VIRGINIA KELLY was a customer at the defendants' aforementioned store.

*Twenty-sixth.* That at the aforementioned time and place, while shopping at the aforementioned store and after speaking to a store sales representative, plaintiff turned and began to walk in a careful and prudent manner towards the front of the store, when she was caused to trip and fall over the aforementioned display platform, landing violently onto said platform.

*Twenty-seventh.* That the aforementioned incident was caused solely by reason of the negligence of the defendants in their ownership, operation, control, design, construction, management and/or maintenance of the aforementioned store, aisles and displays, and without any negligence on the part of the plaintiff contributing thereto.

*Twenty-eighth.* That solely as a result of the foregoing, plaintiff VIRGINIA KELLY sustained serious and catastrophic personal injuries, including but not limited to injuries

6

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 53063/2020
RECEIVED NYSCEF: 02/27/2020

to her right knee and cervical spine, has experienced and will continue to experience great physical and mental suffering and distress, has been deprived from attending to her usual and customary daily activities, incurred expenses for the care and treatment of her injuries and sustained a loss of income.

*Twenty-ninth.* That the damages sustained herein by the plaintiff exceed the monetary jurisdiction of all inferior courts that would otherwise have jurisdiction of this action.

WHEREFORE, plaintiff pray for judgment against the defendants, awarding compensatory damages in an amount to be determined by a jury at the trial of this action, together with the costs and disbursements of this action

Dated: New York, NY
February 27, 2020

Yours, etc.,

MICHAEL K. EIDMAN
*Attorney for Plaintiff*
3 Columbus Circle, 15th Floor
New York, NY 10019
(212) 489-0500

7

FILED: WESTCHESTER COUNTY CLERK 02/27/2020 11:07 AM          INDEX NO. 53063/2020

NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 02/27/2020

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK )

    I, the undersigned, am an attorney duly admitted to practice in the courts of New York State, and affirm the following under penalties of perjury pursuant to CPLR § 2106:

    I am the attorney of record for the plaintiff. I have read the annexed COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the contents of my file and information furnished by plaintiff(s).

    The reason I make this affidavit instead of plaintiff is plaintiff resides outside the county where I maintain my office.

Dated: New York, NY
       February 27, 2020

                                  MICHAEL K. EIDMAN

8

*MICHAEL K. EIDMAN*

Index No.   53063        Year   2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WETCHESTER

VIRGINIA KELLY,

                    *Plaintiff,*

                              - against -

THE TJX COMPANIES, INC. and HOMEGOODS, INC.,

                    *Defendants.*

---

## *SUMMONS and VERIFIED COMPLAINT*

---

**MICHAEL K. EIDMAN**
Attorney at Law
*Attorney for Plaintiff(s)*
3 Columbus Circle, 15ᵗʰ Floor
New York, New York 10019
212.489.0500